IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Willis Martin, III** | | | |
| | Name: First | Middle | Last | |
| Debtor 2 | | | | |
| (Spouse, if filing) | Name: First | Middle | Last | |
| Case number: | **18-40388** | | | |
| (If known) | | | | |

Check if this is an amended plan ✓
Amends plan dated: **8/31/2018**
Part(s) amended:
☐ Part 1  ☐ Part 5
☐ Part 2  ☐ Part 6
✓ Part 3  ☐ Part 8
☐ Part 4  ☐ Part 9

*Failure to check a box identifying a Part amended hereby may render that amendment ineffective.*

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$1,094.00 per month for 60 months**.

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

✓ Debtor(s) will make payments pursuant to a payroll deduction.   Debtor(s) request a payroll deduction be issued to: Department of Defense
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

| Debtor | Willis Martin, III | Case number | 18-40388 | Eff (12/01/2017) |
|---|---|---|---|---|

## 2.3 Income tax refunds and returns. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

## 2.4 Additional payment *(Check all that apply)*:

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of creditor's total claim,m current installment payment and arrearage

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Current Installment Payment | Amount of Arrearage | Months included in arrearage | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Wilmington Savings Fund Society | $207,297.84 | 221 Wilson Way Weaver, AL 36277 Calhoun County | $ 597.84 Disbursed by xTrustee Debtor beginning 9/2018 | $18,041.54 | 15 | $250.00 | 4/2018 |
| Wilmington Savings Fund Society | $207,297.84 | 221 Wilson Way Weaver, AL 36277 Calhoun County | | $550.00 | Post Petition Fees | $9.00 | 9/2018 |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the lesser of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of secured claim.* For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a non-governmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a non-governmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Willis Martin, III** | Case number | **18-40388** | Eff (12/01/2017) |

For non-governmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For non-governmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of:
(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

**3.3** **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:
1. incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
2. incurred within 1 year of the petition date and secured by a purchase money security interest in other thing of value.
3. are fully secured.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Harris Used Cars | $10.00 | $1,000.00 | 2011 Ford Crown Victorian | $1,000.00 | $1,000.00 | 5.25% | $19.00 | 4/2018 |

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2** **Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3** **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

| Debtor | **Willis Martin, III** | Case number | **18-40388** | Eff (12/01/2017) |

**4.4**     **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

       ☑     **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

       ☑     **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1**     **Nonpriority unsecured claims not separately classified.**
         Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**     **Percentage, Base, or Pot Plan.** *Check one.*

       ☐     100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
       ☐     Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
       ☐     Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
       ☑     Base Plan. This plan proposes to pay $ **26,100.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3**     **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
       ☑     **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4**     **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

       ☑     **None**. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5**     **Other separately classified nonpriority unsecured claims.** *Check one*.

       ☑     **None**. *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6:    Executory Contracts and Unexpired Leases

**6.1**     **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

       ☑     **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**     **The executory contracts and unexpired leases listed below are rejected:**
   -NONE-

### Part 7:    Sequence of Payments

**7.1**     **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

### Part 8:    Vesting of Property of the Estate

**8.1**     **Property of the estate will vest in Debtor(s)** *(check one)***:**

☑    Upon plan confirmation.
☐    Upon entry of Discharge

### Part 9:    Nonstandard Plan Provisions

       ☑     **None**. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10:    Signatures:

**Signature(s) of Debtor(s) required.**

| Debtor | **Willis Martin, III** | Case number | **18-40388** | Eff (12/01/2017) |

**Signature(s) of Debtor(s)** *(required)***:**
X  **/s/ Willis Martin, III**                                           Date  **September 20, 2018**
    **Willis Martin, III**

**Signature of Attorney for Debtor(s):**
X  **/s/ Wendy Ghee Draper**                                            Date  **September 20, 2018**
    **Wendy Ghee Draper**
    **P.O. BOX 848**
    **Anniston, AL 36202**
    **2562362543**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

# United States Bankruptcy Court
### Northern District of Alabama

In re **Willis Martin, III**  
Debtor(s)

Case No. **18-40388**  
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **September 20, 2018**, a copy of **Amended Chapter 13 Plan** was served electronically to Chapter 13 Trustee Linda B. Gore (linda@ch13trustee.com)and by regular United States mail to all interested parties and all creditors listed on the attached mailing matrix.

**/s/ Wendy Ghee Draper**
**Wendy Ghee Draper**
**GHEE & DRAPER**
**P.O. BOX 848**
**Anniston, AL 36202**
**2562362543Fax:2562362556**
**gheeanddraper@gmail.com**